W. H. White et al., Appellants, v. James G. Main, Appellee.

W. H. White et al., Appellants, v. Main Brothers Box & Lumber Company, Appellee.

PRACTICE—*section 36 of Practice Act of 1907 construed.* Section 36 of the amended Practice Act of 1907 does not so change the common law remedy as now to require a plaintiff when suing in trespass for injury to real property, to establish paramount title to the land, as in ejectment; such amendment, in effect, enlarges rather than restricts such common law remedy of trespass.

Trespass. Appeal from the Circuit Court of Massac county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed June 15, 1909.

COURTNEY & HELM, for appellants.

C. L. V. MULKEY, for appellees.

MR PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is an appeal from two several judgments in trespass for timber cutting, rendered by the Circuit Court against the appellants, one in favor of appellee, James G. Main, for $225 damages, and the other in favor of appellee, Main Bros. Box and Lumber Co., for $425 damages. By agreement of parties a jury was waived and the two cases were tried together by the court. The declarations, consisting of a number of counts, charges the defendants with breaking and entering plaintiff's close, and with cutting, destroying and conveying away trees growing thereon.

In one or more counts, defendants are charged with wilfulness and wantonness in the acts complained of. To each of the declarations the defendant filed the general issue. After a careful reading of the evidence, as we find it in the abstract, and due consideration of the argument of counsel, we are of opinion that the judgments of the Circuit Court should be affirmed.

The evidence tends to prove, and as we think justifies, the finding that the appellees were the owners in possession of the land described in the declaration, and that the appellants, their agents and employes, committed the trespasses alleged, and that the sums allowed as damages are quite within the proof of actual injuries sustained.

Appellant's first point in argument is that the trial court erred in refusing their third, fourth and eleventh tendered propositions of law, the contention being, that by section 36 of the amended Practice Act of 1907, the common law remedy was so changed or limited as now to require a plaintiff owner, suing in trespass for injury to real estate, to establish paramount title to the land as in ejectment. Propositions 3, 4 and 11 are based upon this version of the amended statute, without which, as we understand appellants' contention, the propriety of the court's action in refusing them is not challenged. The section of the statute invoked reads as follows:

"The distinctions between the actions of trespass and 'trespass on the case' are hereby abolished; and in all cases where trespass or trespass on the case has been heretofore the appropriate form of action, either of said forms may be used, as the party bringing the action may elect. And it shall be lawful for any owner of real estate, though not in possession of the same, where the same is in possession of some person or persons claiming under him, as tenant or otherwise, to bring an action in trespass or case for any injury to his rights in such land, as owner, reversioner, remainderman or otherwise the same as if in possession

of said land against the person or persons claiming under him or against a stranger committing trespass or injury, to the rights of such person in said land; Provided, however, that nothing herein shall deprive the person in possession of any right of action he may have for injury to his possession, nor shall this action be extended to any case where a dispute in the title is the foundation of the action between the parties.''

We find nothing in the language of the statute to warrant the construction given by appellants' counsel, nor are we impressed by the argument that the attributed meaning is within the legislative purpose and intent. It would seem rather that the remedy by action in trespass to real estate has been enlarged or extended by the statute. The reversioner or remainderman, though not in possession, may now have his action in trespass against any other person, whether in possession of the premises or not, for an injury to his right or interest in the land, whereas, before the statute was enacted, he could not maintain such action unless in possession. Clearly the statute was only intended to afford a more effective remedy for the reversioner or remainderman, and under the facts in this case the statute has no application. It was not error to refuse the 3rd, 4th and 11th propositions.

Complaint is made that the court refused to hold that no exemplary damages could be allowed, and that defendants were not bound by the acts of one Newlon and his men in cutting trees on the premises in question. It was a question of fact whether Newlon was acting with or in behalf of the appellants as their agent or otherwise, by their instigation, and there was a sharp conflict of evidence bearing upon that question. The finding of the court, apparent from the judgment awarded, like the verdict of a jury, may not be disturbed, unless it is manifestly against the weight of the evidence. This, as already indicated, we are not inclined to hold after a careful consideration of all the evidence of record. So also, we have reached a like conclusion respecting the allowance of

exemplary damages. There is some evidence to justify punitive damages, but even though the court erred in its holding on that proposition, it should not effect a reversal of the judgment, for the actual damages proved are quite within the sum allowed and the error, if any, would be harmless.

Finding no substantial or prejudicial error in the record the two judgments of the Circuit Court will be affirmed.

*Affirmed.*